**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal No. 16-0380 (ES)** |
| v. | **OPINION** |
| **MILTON LATHAM** | |

**HAYDEN, DISTRICT JUDGE**

Before the Court is defendant Milton Latham's motion for reconsideration of the Court's denial of his motion for a reduction of sentence. (D.E. No. 134 ("Recon. Mot.").) The Government opposes the motion. (D.E. No. 135 ("Opp. to Recon.").) Having considered the parties' submissions, and for the following reasons, the Court DENIES the motion.

**I.      Background**

The Court laid out the background of Latham's criminal proceedings in its September 17, 2020 oral opinion, and it need not repeat it here. Relevant to the instant motion is that in late April, Latham filed a *pro se* motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which was supplemented by counsel on July 31, 2020. (D.E. Nos. 119 & 127.) The Government filed its opposition to the motion on August 17, 2020, and Latham filed a reply on August 24, 2020. (D.E. Nos. 128 & 130.) The Court heard oral argument on the motion on September 16, 2020, and issued an oral opinion denying the motion on September 17, 2020. (D.E. Nos. 131 & 132; *see also* D.E. No. 133.)

Latham now moves for reconsideration of the Court's oral opinion and order, arguing that he now has "previously unavailable evidence demonstrating he is not a danger to the community in any appreciable way." (Recon. Mot. at 1.) Although Latham was represented by counsel in

connection with his motion for a reduction in sentence, he has decided nonetheless to proceed *pro se* with this reconsideration motion.

## II.     Legal Standards

Motions for reconsideration may be filed in criminal cases. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *see also* L. Crim. R. 1.1 (making Local Civil Rule 7.1(i) applicable in criminal cases). Reconsideration is an extraordinary remedy that should be granted sparingly. *Rickard v. United States*, No. 05-482, 2014 WL 11429064, at *1 (D.N.J. July 29, 2014). "The Court will reconsider a prior order only where a different outcome is justified by: '(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.'" *United States v. Akinola*, No. 11-310, 2017 WL 1179149, at *1 (D.N.J. Mar. 27, 2017) (quoting *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Moreover, a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." *Rickard*, 2014 WL 11429064, at *1.

## III.    Analysis

Latham bases his motion on "previously unavailable evidence." (Recon. Mot. at 1.) The evidence he submits is the declaration of another inmate at FCI Fort Dix, Erik Khan, "who can affirmatively testify as to Mr. Latham's current behavioral characteristics." (*Id.* at 2.) Latham states that Khan is poorly treated by other inmates because he is a convicted sex offender, and that he and Khan "have become acquaintances to the point of being able to live together in harmony." (*Id.* at 2-4.) Their relationship, Latham suggests, demonstrates that Latham "is not a danger to vulnerable populations," and warrants reconsideration of the Court's Order denying his motion for a reduction in sentence. (*Id.*) Latham attaches a declaration from Khan in which Khan similarly

describes Latham's interactions with him and other sex offenders at FCI Fort Dix and attests that Latham "is not a danger to others and, in fact, respects the differences among others." (D.E. No. 134, Ex. A ¶¶ 12 & 15.)

The Government argues—and the Court agrees—that Latham's submission does not warrant reconsideration because this information was available to Latham prior to the Court's decision on September 17, 2020. (*See* Opp. to Recon. at 1.) Latham states that the evidence submitted "was not known or available before the hearing." (Recon. Mot. at 2.) "However, 'new evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party *could not* earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (emphasis added). And nothing in Latham's submission suggests that he could not have acquired Mr. Khan's declaration prior to the Court's decision. That Latham did not seek this information until after the Court's decision is not enough to render Khan's declaration "newly discovered evidence." *McAdams v. United States*, No. 09-737-001, 2016 WL 240877, at *4 (D.N.J. Jan. 20, 2016) (reconsideration not warranted because the movant could have brought the information to the Court's attention prior to the challenged decision).

Moreover, even if Khan's declaration did constitute newly discovered evidence, it would not change the Court's conclusion. In its September 17, 2020 oral opinion, the Court conducted a painstaking review of Latham's criminal history, which revealed Latham's extensive criminal history and his repeated failures to comply with terms of release, whether he was out on bail, probation, or otherwise subject to supervision. The concerns that naturally followed the Court's review led the Court to deny the motion based on the § 3553(a) factors and the dangerousness

3

considerations pursuant to 18 U.S.C. § 3142(g). Khan's declaration regarding Latham's treatment of certain inmates while incarcerated does not change the Court's reasons for denying a reduction of his sentence or diminish its concerns.

## IV. Conclusion

For the foregoing reasons, Latham's motion is DENIED. An appropriate Order accompanies this Opinion.

Dated: November 5, 2020                    /s/ *Katharine S. Hayden*
                                           Katharine S. Hayden, U.S.D.J.