Not for Publication

           UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No. 16-0380 (ES) |
| v. | OPINION |
| **MILTON LATHAM** | |

**HAYDEN, DISTRICT JUDGE**

Before the Court is defendant Milton Latham's renewed motion for compassionate release (D.E. No. 140 ("Motion" or "Mot.").) The Government opposes the motion. (D.E. No. 142 ("Opp. Br.").) Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer,* 573 F.3d 151, 154 (3d Cir. 2009). For the following reasons, the Court DENIES the motion.

**I.     Background**

The Court laid out the background of Latham's criminal proceedings in its September 17, 2020 oral opinion denying Latham's original motion for compassionate release, and it need not repeat it here. (*See* D.E. No. 143, Transcript of Decision at 4:3–5:14.)

Relevant to the instant motion is that Latham previously filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic and his underlying medical conditions. (D.E. Nos. 119 & 127.) Once that motion was fully briefed, the Court heard oral argument on the motion. (D.E. No. 131.) On September 17, 2020, the Court issued an oral opinion and an order denying the motion. (*See* Transcript of Decision; D.E. No. 133.) Shortly thereafter, Latham moved for reconsideration of the Court's opinion and order based on previously unavailable evidence. (D.E. No. 134.) The Government opposed the motion, and

the Court denied it because the newly discovered evidence was not actually new and because it would not have changed the outcome.  (*See* D.E. No. 137.)

The instant motion was filed on December 23, 2020.  Latham again seeks a reduction of sentence pursuant to § 3582(c)(1)(A).  (*See generally* Mot.)  The renewed motion "is predicated upon changed circumstances," including an outbreak at FCI Fort Dix, where Latham is incarcerated, and Latham's positive COVID-19 diagnosis.  (Mot. at 1.)  The Government opposes the motion.

## II.     Legal Standards

Once a term of imprisonment has been imposed, the Court may modify it only under very limited circumstances.  *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)).  Relevant here, 18 U.S.C. § 3582(c)(1) provides that in any case:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> 
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > 
> > [. . .]
> > 
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The United States Sentencing Commission has promulgated a policy statement that, in relevant part, allows a court to grant compassionate release or a sentence reduction where: (i) extraordinary or compelling reasons warrant a reduction in a defendant's sentence; (ii) the defendant is not a

danger to the safety of others or to the community; and (iii) release from custody complies with the section 3553(a) factors. *United States v. Brummett*, No. 07-0103, 2020 WL 1492763, at *2 (E.D. Ky. Mar. 27, 2020) (citing U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.13 (U.S. SENTENCING COMM'N 2018)).

### III. Discussion[1]

Latham argues that the changed circumstances impact the Court's previous analysis and decision in two main ways: first, he says, the outbreak at FCI Fort Dix and his positive COVID-19 diagnosis speak to the extraordinary and compelling circumstances he faces. (Mot. at 1–6). Second, Latham argues that the changed circumstances "drastically change[] the sentencing calculus" and require early release." (*Id.* at 6–7.) Neither argument persuades the Court.

#### A.    Extraordinary and Compelling Circumstances

Congress directed the Sentencing Commission to define the "extraordinary and compelling reasons" standard. *United States v. Alexander*, No. 19-0032, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020). The Sentencing Commission issued a policy statement in which an application note lists three specific circumstances that qualify as extraordinary and compelling; generally speaking, the enumerated circumstances include: (i) a terminal illness or a serious medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; (ii) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; or (iii) certain family circumstances exist where the

---

[1] The parties agree that the threshold exhaustion requirement is met here because thirty days have passed since November 23, 2020—the date on which Latham submitted a letter to the warden for compassionate release. (Mot. at 2 n.1; Opp. Br. at 1 n.1; *see also* D.E. No. 140-3, Def. Ex. C.); *United States v. Harris,* 973 F.3d 170, 171 (3d Cir. 2020).

3

defendant would be the only available caregiver for his or her minor child, spouse, or registered partner. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). In addition, the Sentencing Commission included a catchall provision, which provides that "other reasons" may be sufficient if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." *Id.*, Application Note 1(D).[2]

In the wake of COVID-19, courts have determined that the extraordinary and compelling circumstances analysis logically has two components: "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

Latham points out that in the September 17, 2020 decision, "the Court relied in part on the Government's representations about the improving conditions at FCI Fort Dix and noted that the BOP was managing the COVID-19 outbreak effectively at FCI Fort Dix." (Mot. at 1.) At the time of that decision, there were no COVID-positive inmates or staff at FCI Fort Dix, and 36 inmates and 6 staff members had recovered from the virus. (Transcript of Decision at 11:19–25.) Since then, FCI Fort Dix has experienced a serious outbreak—an outbreak that does not appear to be

---

[2] Because Section 1B1.13 was not updated after the First Step Act was passed, it does not address motions made by a defendant. As a result, there has been a debate as to whether the policy statement is applicable to motions made by a defendant and whether the court, as opposed to the BOP, can determine what falls into the catchall provision. There appears to be a growing consensus that Section 1B1.13 does not constrain the court's discretion. *See United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) ("When a defendant exercises his new right to move for compassionate release on his own behalf, in other words, § 1B1.13 does not apply."); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release"); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("And because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion.").

fully under control today. As of this writing, the BOP reports 2 positive inmates, 42 positive staff members and notes that 1,821 inmates and 47 staff members have recovered from the virus. *See COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Mar. 26, 2021). According to Latham, this surge in infections is relevant to Latham's "future risk of reinfection and the facility's inability to prevent the spread of the disease, despite its best efforts" (Mot. at 2), and in combination with his COVID-19 diagnosis and underlying health issues, "constitute[s] extraordinary and compelling circumstances for relief in this case." (*Id.*)

The question remains, however, whether the infection rate at Fort Dix meaningfully alters the analysis in the Court's prior opinion. Significantly, the Court *found* that Latham presented extraordinary and compelling circumstances:

> This Court accepts that the pandemic puts Mr. Latham in a risky situation. And if we wanted to capture the most positive reading of the CDC guidelines, one could even say that he is in a high risk situation due to the underlying medical conditions that I discussed above. And I think everybody accepts that he has passed that first gate because he does have these underlying medical conditions. An extraordinary and compelling reason does exist for a possible reduction in sentence.

(Transcript of Decision at 12:24–13:7.) In other words, although the Court favorably cited to the COVID-19 case statistics at FCI Fort Dix and the BOP's efforts to curtail the virus, the Court still found that extraordinary and compelling reasons existed for a possible sentence reduction based on the COVID-19 pandemic and Latham's underlying health issues. Thus, the pertinent question for this motion is really how, if at all, the increased infection rate at FCI Fort Dix impacts the Court's analysis of the § 3553(a) factors and dangerousness.

Before addressing that issue, the Court notes that, arguably, Latham's positive COVID-19 diagnosis and his apparent recovery now weigh *against* a finding of extraordinary and compelling circumstances. Admittedly, as the parties' briefs demonstrate, there is some uncertainty as to the

possibility and likelihood of reinfection with COVID-19. Latham cites to a number of cases in which courts considered the risks of reinfection in granting motions for compassionate release. (Mot. at 5.) Currently, however, the CDC reports that "cases of reinfection with COVID-19 have been reported, but remain rare." *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. (last updated Oct. 27, 2020) (last visited Mar. 26, 2021). And some more recent cases have rejected the risk of reinfection as a reason for finding extraordinary and compelling circumstances. *See United States v. Gulley*, No. 18-0009, 2021 WL 663710, at *3 (W.D. Pa. Feb. 19, 2021) ("After a person recovers from COVID-19, the risk of re-infection is low."); *United States v. Munford*, No. 15-376-7, 2021 WL 111863, at *4 (E.D. Pa. Jan. 12, 2021) ("The risk of reinfection after a prior positive test for COVID-19 is a not basis for compassionate release here . . . . Presently, there is no scientific consensus on the risk of reinfection." (internal citation omitted)); *United States v. Ramirez*, No. 09-579, 2020 WL 6743327, at *3 (D.N.J. Nov. 17, 2020) (citing to the CDC report that reinfection is rare). But not all courts have taken this approach. *See e.g.*, *United States v. Keys*, No. 16-00234, 2020 WL 6700412, at *4 (E.D. Cal. Nov. 13, 2020) ("Despite his having had COVID-19, defendant is not foreclosed from showing "extraordinary and compelling reasons" supporting his release.").

Moreover, since Latham filed his initial motion, the nation has made great strides in vaccine development and rollout. The three vaccines currently available have proven highly effective at preventing COVID-19 illness in those who have been fully inoculated. *See Different COVID-19 Vaccines*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines.html (last updated Mar. 4, 2021) (last visited Mar. 26, 2021). As of this writing, the BOP reports complete inoculations for 184 staff members and 159 inmates at FCI Fort Dix. *See COVID-*

6

*19 Vaccine Implementation*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Mar. 26, 2021).

Nevertheless, because there is no evidence that Latham is fully vaccinated, and given the uncertain data and mix of cases going both ways on the issue of reinfection, the Court is not inclined to conclude that Latham is no longer at risk of serious illness from COVID-19. However, as previously stated, the analysis requires the Court to look further and specifically consider whether the § 3553(a) factors favor release, and whether Latham would pose a danger to society if released. (Transcript of Decision at 13:8–11.) Again, the Court concludes that these considerations warrant denying the motion.

    **B.**     **Section 3553(a) Factors and Dangerousness**

Section 3553(a) directs the Court to impose a sentence that is sufficient, but not greater than necessary, to further the purposes of sentencing; *i.e.*, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(D). Additionally, the Court takes into account, *inter alia*, the nature and circumstances of the offense and the defendant's history and characteristics. *Id.* § 3553(a)(1). Moreover, to evaluate dangerousness pursuant to 18 U.S.C. § 3142(g), the Court considers: (i) the nature and circumstances of the offense; (ii) the weight of the evidence against the person; (iii) the history and characteristics of the person; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In the Court's September 17, 2020 oral opinion, these factors were discussed at length, and the Court incorporates that analysis here. (Transcript of Decision at 13–17.) Although the entire

analysis need not be repeated, the Court highlights its discussion of Latham's extensive criminal history and its concern with protecting the public from further crimes of the Defendant:

> Mr. Latham committed his first crime at the age of 16. . . .His first crime as an adult at age 18. Since then, he has been in and out of custody for various CDS and firearm offenses. After each term of imprisonment it was less than a year before Mr. Latham committed another offense. . . .
>
> Additionally, Mr. Latham was given many, many opportunities to demonstrate his ability to comply with terms of release, including while he was out on bail during probationary periods, and as part of the ISP, Intensive Supervision Program. Each time, Mr. Latham either picked up a new charge and/or violated the terms of his release.
>
> In the face of his history of noncompliance and recidivism, I cannot justify cutting five years off of his sentence and releasing him to the public even under supervision. The release plan that he proposes whereby he lives with his mother would require a serious and constant form of supervision by federal probation in order to meet the challenge that he poses insofar as this unbroken series of crimes committed while on supervision or shortly after maxing out on a custodial sentence remains.
>
> I consider all of the 3553(a) factors in reaching this conclusion, which was not reached easily. But at this point I am primarily concerned with protecting the public from further crimes of Mr. Latham, which I have no confidence would be abated once he is release.

(Transcript of Decision at 16:1–17:5).

In the present motion, Latham submits that the changed circumstances "drastically change[] the sentencing calculus." (Mot. at 6.) Specifically, he argues "that a sentence that involves the very real possibility of death . . . is certainly more than necessary to achieve the purposes of sentencing under § 3553(a) in his case." (*Id.*) The Court does not intend to minimize Latham's situation or the risks the novel coronavirus poses to inmates (and to society at large); however, under the applicable law, Latham's arguments are not persuasive.

To start, as discussed above, the Court does not find Latham's continued incarceration "involves the very real possibility of death." More to the point, accepting Latham's argument would, in essence, require the Court to conclude that the extraordinary and compelling circumstances Latham raises—the outbreak at FCI Fort Dix, his underlying medical conditions,

and a positive COVID-19 diagnosis—are sufficient to justify release notwithstanding the additional § 3553(a) factors and dangerousness considerations.  Latham does not persuasively argue how the Court's stated concerns about his recidivism and the need to protect the public are somehow mitigated based on the changed circumstances.  Supervised release cannot be expected, nor is it intended, to take the place of incarceration as to these sentencing factors.  The Court cannot set aside the history and characteristics of this defendant and the nature and circumstances of his criminal conduct, which were discussed by Judge Salas at his sentencing and the undersigned in the September 17, 2020 oral opinion.  *See United States v. Weiskopf*, No. 19-6093, 2020 WL 3248383, at *2 (W.D.N.Y. June 16, 2020) ("[T]he changed circumstances that Defendant identifies are no[t] so weighty as to overcome the original § 3553 factors."); *United States, v. Santiago*, No. 92-563, 2020 WL 4926470, at *3 (E.D.N.Y. Aug. 21, 2020) ("[D]efendant's changed circumstances do not alter my analysis of the factors set forth under 18 U.S.C. § 3353(a)"); *United States v. Armstrong*, No. 16-0601, 2020 WL 5982889, at *2 (D. Md. Oct. 8, 2020) (denying second motion for release based on §3553(a) factors, despite high risk medical conditions and a significant COVID-19 presence at defendant's facility, because "none of the information offered in the Second Motion provides a basis to alter that conclusion.").

**IV.    Conclusion**

For the foregoing reasons, Latham's motion is DENIED.  An appropriate Order accompanies this Opinion.

Dated: March 29, 2021                              /s/ *Katharine S. Hayden*
                                                                  Katharine S. Hayden, U.S.D.J.

9